DOCKETED

JUN 2 0 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL BAGBY,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>SEARS and DISCOVER FINANCIAL<br>SERVICES,<br><br>Defendants. | Civil Action No. 03C 2828<br><br>Judge Kennelly<br>Magistrate Judge Schenkier |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

### *I.* *Preliminary Statement*

1. This is an action for damages brought by an individual consumer against the defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended.*

### ANSWER:

In response to paragraph 1 of the Complaint, Experian admits only that plaintiff has brought an action against it. Experian denies, generally and specifically, each and every remaining allegation in paragraph 1.



## *II.    Jurisdiction and Venue*

2.     Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. §1331, 1337. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**ANSWER:**

In response to paragraph 2 of the Complaint, Experian admits that plaintiff has alleged jurisdiction based on 15 U.S.C. §1681p, 28 U.S.C. §§ 1331 and 1337. Experian states that this is a legal conclusion, which is not subject to denial or admission. Also, Experian admits that plaintiff has alleged that venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Experian states that this is a legal conclusion which is not subject to denial or admission.

## *III.    Parties*

3.     Plaintiff CHERYL BAGBY is an adult individual and citizen of the State of Georgia.

**ANSWER:**

In response to paragraph 3 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4.     Defendant EXPERIAN INFORMATION SOLUTIONS, is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

**ANSWER:**

In response to paragraph 4 of the Complaint, Experian admits that it is qualified to and does conduct business in the State of Illinois. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5.     Defendant, SEARS, is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is in Cleveland, Ohio.

**ANSWER:**

In response to paragraph 5 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. Defendant, DISCOVER FINANCIAL SERVICES, is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is in Wilmington, Delaware.

**ANSWER:**

In response to paragraph 6 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT ONE
## VIOLATIONS OF FCRA v. EXPERIAN INFORMATION SOLUTIONS

7. Defendant has been reporting derogatory and inaccurate statements and information relating to plaintiff and plaintiff's credit history to third parties (hereafter the "inaccurate information").

**ANSWER:**

In response to paragraph 7 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

8. The inaccurate information of which Plaintiff complains is an account, or tradeline, named Sears and Discover Financial Services. Specifically, the plaintiff asserts that she was the victim of identity theft and these accounts were fraudulently opened in her name. However, the defendant has disseminated credit reports and/or information that the account are being reported correctly.

**ANSWER:**

In response to paragraph 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

9.      The inaccurate information negatively reflects upon the plaintiff, plaintiff's credit repayment history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness.

**ANSWER:**

In response to paragraph 9 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**

In response to paragraph 10 of the Complaint, Experian admits that various parties have accessed plaintiff's credit file. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10 of the Complaint.

11.     On or about November 7, 2002, Plaintiff disputed the inaccurate information with the defendant by written communication to their representatives and by following defendant's established procedure for disputing consumer credit information.

**ANSWER:**

In response to paragraph 11 of the Complaint, Experian admits that plaintiff contacted Experian in November 2002 to dispute certain information in her credit file. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 12 of the Complaint.

12.     Notwithstanding plaintiff's efforts, defendant sent plaintiff correspondence indicating their intent to continue publishing the inaccurate information and defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

**ANSWER:**

In response to paragraph 12 of the Complaint, Experian admits that it has sent correspondence to plaintiff indicating the results of its reinvestigation of disputed items as required by the FCRA. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

13. Despite plaintiff's efforts to date, defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the plaintiff.

**ANSWER:**

In response to paragraph 13 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

14. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both know and unknown;
   c. Decreased credit score which may result in inability to obtain credit on future attempts.

**ANSWER:**

In response to paragraph 14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

15. At all times pertinent hereto, defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the defendant herein.

**ANSWER:**

In response to paragraph 15 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. At all times pertinent hereto, the conduct of the defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless and in grossly negligent disregard for federal and state laws and the rights of the plaintiff herein.

**ANSWER:**

In response to paragraph 16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

17. At all times pertinent hereto, defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

**ANSWER:**

In response to paragraph 17 of the Complaint, Experian admits the allegations contained therein.

18. At all times pertinent hereto, the plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**

In response to paragraph 18 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

**ANSWER:**

In response to paragraph 19 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, defendant is liable to the plaintiff for engaging in the following conduct:

   (a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the plaintiff, in violation of 15 U.S.C. §1681i(a);

   (b) willfully and negligently failing to provide all relevant information provided by the plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   (c) willfully and negligently failing to review and consider all relevant information submitted by the plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   (d) willfully and negligently failing to delete the inaccurate information from plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

   (e) willfully and negligently failing to note the plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

   (f) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

**ANSWER:**

In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21. The conduct of defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the plaintiff that are outlined more fully above and, as a result, defendant is liable to the plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

### COUNT TWO
### DEFAMATION v. EXPERIAN INFORMATION SOLUTIONS

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

In response to paragraph 22 of the Complaint, Experian reasserts and incorporates its answers to paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Defendant has published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the plaintiff.

**ANSWER:**

In response to paragraph 23 of the Complaint, Experian admits that various parties have accessed plaintiff's credit file. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24. Defendant has published these statements each time a credit report on the plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

**ANSWER:**

In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

25. The statements made by defendant are false in that they inaccurately reflect plaintiff's credit information and debt repayment history, and paint plaintiff as financially irresponsible and delinquent.

**ANSWER:**

In response to paragraph 25 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

26. Defendant published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested plaintiff's credit report.

**ANSWER:**

In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27. After Plaintiff disputed this information directly to defendant and provided defendant with the actual facts, defendant knew that the statements were false, and had no factual basis for continuing to make the statements.

**ANSWER:**

In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. Nonetheless, defendant continues to publish the false and negative statements concerning the plaintiff's credit history up through the present time.

**ANSWER:**

In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. The written statements and publications constitute libel per se.

**ANSWER:**

In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In addition, and despite the repeated notices from plaintiff, defendant has acted with malice by failing to communicate the information provided to them by plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the plaintiff.

**ANSWER:**

In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

31. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the plaintiff that are outlined more fully above and, as a result, defendant is liable to compensate the plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted by law.

**ANSWER:**

In response to paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT THREE
## VIOLATIONS OF FCRA v. SEARS

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

In response to paragraph 32 of the Complaint, Experian reasserts and incorporates its answers to paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. At all times pertinent hereto, this defendant was a "person" as that term defined by 15 U.S.C. §1681a(b).

**ANSWER:**

In response to paragraph 33 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s(2)(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning plaintiff's account provided to this defendant;

(c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

(f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

**ANSWER:**

In response to paragraph 34 of the Complaint, Experian states that plaintiff makes no averments against Experian. However, to the extent that any averments contained in this paragraph could be construed as averments against Experian, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

35. This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**ANSWER:**

In response to paragraph 35 of the Complaint, Experian states that plaintiff makes no averments against Experian. However, to the extent that any averments contained in this paragraph could be construed as averments against Experian, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT FOUR
## VIOLATIONS OF FCRA v. DISCOVER FINANCIAL SERVICES

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

In response to paragraph 36 of the Complaint, Experian reasserts and incorporates its answers to paragraphs 32 through 35 of the Complaint as though fully set forth herein.

37. At all times pertinent hereto, this defendant was a "person" as that term defined by 15 U.S.C. §1681a(b).

**ANSWER:**

In response to paragraph 37 of the Complaint, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. This Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s(2)(b):

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

    (b) willfully and negligently failing to review all relevant information concerning plaintiff's account provided to this defendant;

      (c) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

      (d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff;

      (e) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

      (f) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

**ANSWER:**

In response to paragraph 38 of the Complaint, Experian states that plaintiff makes no averments against Experian. However, to the extent that any averments contained in this paragraph could be construed as averments against Experian, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     This Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to the plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

**ANSWER:**

In response to paragraph 39 of the Complaint, Experian states that plaintiff makes no averments against Experian. However, to the extent that any averments contained in this paragraph could be construed as averments against Experian, Experian is without information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### *VI.*   *Jury Trial Demand*

40.     Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

In response to paragraph 40 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

### *VII.  Prayer for Relief*

WHEREFORE, plaintiff seeks judgment in plaintiff's favor and damages against the defendants, based on the following requested relief:

(a) Actual damages;
(b) Statutory damages;
(c) Punitive damages;
(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§1681n, 1681o;
(e) An order directing that defendant immediately delete all of the inaccurate information from plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;
(f) An order directing that defendant send to all persons and entities to whom they have reported plaintiff's inaccurate information within the last three years plaintiff's updated and corrected credit report information; and
(g) Such other and further relief as may be necessary, just and proper.

**ANSWER:**

Experian denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND DEFENSE
### (IMMUNITY)

Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH DEFENSE
### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from the Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### SIXTH DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### SEVENTH DEFENSE
### (INDEPENDENT INTERVENING CAUSE)

Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

### EIGHTH DEFENSE
### STATUE OF LIMITATIONS

Experian is informed and believes and thereon alleges that to the extent Plaintiff asserts claims outside of the Scope of the applicable Statue of Limitations, 15 U.S.C. §1681 p, those claims are barred.

### NINTH DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: June 19, 2003  Respectfully submitted,

_____
Gregory S. Otsuka
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served each of the following attorneys of record herein at their respective addresses disclosed on the pleadings on the 19th day of June, 2003, by:

Attorneys for the Plaintiff:

Larry Smith
Amy Schwab
KROHN & MOSS, LTD.
120 W. Madison St., 10th Floor
Chicago, IL 60602
Ph: 312-578-9428
Fax: 312-896-7415


Service via:

[X] U.S. Mail
[ ] Hand-Delivered
[ ] Federal Express
[X] Facsimile

_____
Gregory S. Otsuka

CHI-1355600v3