

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2828 | **DATE** | 6/7/2004 |
| **CASE TITLE** | Bagby vs. Experian Information Solutions | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants Experian's motion for summary judgment (21-1). Judgment is entered in favor of Experian.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUN 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | G— | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL BAGBY,<br>          Plaintiff,<br>vs.<br>EXPERIAN INFORMATION SOLUTIONS,<br>SEARS and DISCOVER FINANCIAL<br>SERVICES,<br>          Defendants. | Case No. 03 C 2828 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Cheryl Bagby has filed suit under the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.*, against Experian Information Solutions, Sears and Discover Financial Services.[1] Bagby claims that Experian failed to conduct a reasonable investigation to ensure the accuracy of the information regarding Sears and Discover accounts that were reported on her credit report both before and after she made Experian aware that she disputed these accounts. Bagby also brings a defamation claim against Experian. Experian has moved for summary judgment. For the reasons stated below, the Court grants Experian's motion.

### Background

In 1996, Cheryl Bagby's mother, Kathy Goodrich, gave Bagby a Discover charge card to use while in college, which Goodrich had obtained in Bagby's name. Bagby used the card throughout college, and Goodrich was the primary user thereafter. According to Bagby, Goodrich also opened several other accounts in Bagby's name without her knowledge.

---

[1] Bagby later voluntarily dismissed her claim against Discover and accepted an offer of judgment from Sears. Only her claims against Experian remain.

When Bagby was in the process of buying a home in 2001, the Home Bank Mortgage Corporation called her about various items on her credit report. As a result, Bagby ordered copies of her credit report and saw several accounts she did not recognize, including accounts with Sears and Discover. Bagby immediately closed the Sears account, which at that point had a balance of $0, and had no late payments reported on it. She also began paying the balance on the Discover account, which similarly had no late payments reported on it. She continued to make payments on the Discover account even though, she claims, the charges had been incurred by her mother.

Bagby eventually learned that she could dispute matters appearing on her credit report. She wrote to Experian in November 2002, explaining that several of the accounts on her credit report had been opened by her mother without her knowledge. Experian sent verification requests to the creditors, but both Discover and Sears replied that the accounts were in fact Bagby's. Experian advised Bagby of the results of its inquiries, stating that she should contact the creditors if she suspected fraud. Bagby had no further contact with Experian.

In May 2003, Bagby filed this suit against Experian, Sears, and Discover, alleging that Experian willfully and negligently violated the FCRA by reporting inaccurate information with respect to these accounts. Bagby also asserts a claim for defamation against Experian with respect to the information Experian disclosed in her credit report regarding these accounts.

**Analysis**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

2

matter of law." Fed. R. Civ. P. 56(c). The Court must look at the evidence "as a jury might, construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

**Whether Experian's Procedures Were Reasonable Under § 1681e (b)**

Bagby claims that Experian violated the FCRA's requirement that consumer reporting agencies "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom [a consumer credit] report relates." 15 U.S.C. § 1681e (b). "Judging the reasonableness of a [credit reporting] agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996). To prevail on this claim, Bagby must show (1) that there was inaccurate information in her consumer credit report, (2) that the inaccuracy was due to Experian's failure to follow reasonable procedures to assure accuracy, (3) that she suffered actual damages and (4) that those damages were caused by the inaccuracy. *Id.* at 962. If Bagby fails to show the existence of a genuine factual issue on any one of these elements, Experian is entitled to summary judgment on this claim.

Bagby claims the information Experian disclosed in her credit report regarding the Sears and Discover accounts was inaccurate because the accounts were fraudulently opened in her name. The Court assumes for the purposes of discussion that both the Discover and the Sears accounts were erroneously reported.

A credit reporting agency is not automatically liable when it prepares an inaccurate credit

3

report. *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). The issue is whether Experian maintained "reasonable standards for assuring maximum accuracy." *Id.* at 286. Reasonable procedures are "those that a reasonably prudent person would undertake under the circumstances." *Lee v. Experian Information Solutions*, No. 02 C 8424, 2003 WL 22287351, at *3 (N.D. Ill. Oct. 2, 2003). Bagby contends that the reasonableness of the credit reporting agency's procedures is always a question for a jury. The issue is, generally speaking, a question of fact. *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001). But if the reasonableness of the procedures used by the consumer reporting agency is beyond question, a court can determine that the procedures were reasonable as a matter of law. *Id.* For example, *Henson* held as a matter of law that consumer reporting agencies are not liable for reporting information from a judgment docket unless the agency has prior notice from the consumer that the information might be inaccurate. *Henson*, 29 F.3d at 285.

It is undisputed that the Sears and Discover accounts were in Bagby's name and that the creditors reported them to Experian as her accounts. Bagby has presented no evidence that Sears or Discover are unreliable sources of information or that Experian had any reason to doubt the accuracy of the information they reported. Before Bagby sent Experian her dispute letter in November 2002, Experian was not aware, nor should it have reasonably been aware, that these accounts belonged to any one other than Bagby. Under the circumstances, the Court agrees with Experian that Bagby cannot sustain a § 1681e (b) claim for the period before November 2002. *See Quinn v. Experian Solutions*, No. 02 C 5908, 2004 WL 609357, at *3 (N.D. Ill. Mar. 24, 2004). Moreover, as will be discussed in greater detail below, Experian's procedures following its receipt of Bagby's dispute letter were also reasonable as a matter of law. The duty of

4

reinvestigation imposed by § 1681i (a) following a dispute by a consumer is more stringent than the credit reporting agency's initial obligation under § 1681e (b). *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997). Thus, if Experian has satisfied its § 1681i (a) obligation as the Court has found, it has *a fortiori* met the requirements of § 1681e (b). *See Lee*, 2003 WL 22287351 at *3.

Once Bagby placed Experian on notice that there was a claimed inaccuracy in her credit report, "the window of potential liability opened," *id.*, and Experian was responsible for using reasonable procedures to assure accuracy. After receiving the dispute letter from Bagby, Experian sent a Consumer Dispute Verification form to Sears and Discover as well as several other creditors whose accounts Bagby disputed. The CDV stated that Bagby disputed that the accounts belonged to her and claimed that they were fraudulently opened in her name. Based on this investigation, several of the items were deleted from Bagby's credit report, but both Sears and Discover reported to Experian that Bagby's accounts were correctly reported. Bagby offers no evidence supporting the proposition that Experian had any reason to doubt whether Sears or Discover performed a full reinvestigation concerning Bagby's accounts. No reasonable jury could find that Experian's procedures for policing the accuracy of its credit reports were unreasonable.

Even if Experian's procedures following receipt of Bagby's letter could be found unreasonable, Bagby's claim would still fail because she has not shown that there is a genuine issue of material fact as to whether she suffered any actual damages. In her complaint, Bagby claims that she was damaged by having to incur expenses associated with disputing the information, she suffered emotional distress associated with having incorrect derogatory personal

5

information about her reported to others, and she was given a decreased credit score which may prevent her from getting credit. However, Bagby has failed to offer any evidence as to how the information regarding the Sears and Discover accounts (which were not reported as past due or late) had any negative effect on her credit rating. And Bagby has offered no evidence of emotional distress resulting from Experian's reporting of the accounts, as distinguished from her mother's allegedly unauthorized opening of accounts in Bagby's name. *See* Def's Rule 56.1 Statement ¶¶ 41-43; Pl's Resp. to Def's Rule 56.1 Statement ¶¶ 41-43.

Finally, the only out of pocket expenses Bagby claims are the fees she paid to obtain copies of her credit report to check for inaccuracies and the cost of having to pay the balance on the Discover account in order to keep it current. However, Bagby's requests for copies of her credit report were made even before she initially alerted Experian that she disputed the Sears and Discover accounts. As previously discussed, as a matter of law, Experian cannot be held liable prior to having been informed of Bagby's dispute. And Bagby's voluntary decision to pay the balance on the account cannot reasonably be said to have been caused by Experian's reporting of the account. *See Ruffin-Thompkins v. Experian Info. Sys.*, No. 03 C 0683, 2003 U.S. Dist. Lexis 23647, at *16 (N.D. Ill. Dec. 31, 2003).

**Whether Experian's Reinvestigation Procedures Were Reasonable Under 1681i (a)**

Bagby's second FCRA claim is that Experian violated 15 U.S.C. § 1681i (a) because it had a duty to conduct its own independent investigation in light of the fact that she claimed that she was the victim of identity theft. The potential for § 1681(a)(1)(A) liability arose when Experian received notification from Bagby about a potential inaccuracy in her credit report.

*Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995). The Court must examine two factors to determine whether Experian had a duty to go beyond the information it received from Sears and Discover in the CDV forms: (1) whether Bagby had alerted Experian that Sears or Discover may be unreliable or Experian otherwise knew or should have known that they were unreliable, and (2) the cost of verifying the accuracy of the information versus the possible harm that inaccurate information could have caused Bagby. *Henson*, 29 F.3d at 287.

Experian was not obligated under the circumstances to conduct an independent investigation. When Experian received Bagby's dispute letter it sent a CDV form to Sears and Discover. Both companies advised Experian that the account was accurate, and as a result Experian made no changes to these accounts on Bagby's credit report. Experian informed Bagby of the investigation results, and instructed her to contact Sears and Discover directly if she suspected her identity had been stolen. As indicated earlier, Bagby has offered no evidence suggesting that either Discover or Sears was an unreliable source of information. Although Experian conducted no further investigation, it was under no obligation to do so, as its standard reinvestigation procedure was sufficient under the law to satisfy its obligations in the circumstances present here. *See Lee*, 2003 WL 22287351, at *6 ("[T]he CDV procedure alone is accepted by courts as an adequate method both for assuring accuracy and for reinvestigation.").

The cost to Experian of verifying on its own the information regarding the Sears and Discover accounts would have been significant and far outweighs the possible harm to Bagby resulting from the reporting of the accounts on her credit report. As indicated earlier, no negative information about these accounts was reported. And with regard to the Discover card, Bagby was aware of the account, having used the Discover card herself. The Sears account had a

7

balance of $0 and was being reported as "Paid/Never late." Under the circumstances, any possible harm to Bagby was minimal. The Court finds as a matter of law that Experian was not required to independently verify the information it received from the creditors based on the CDV's.

**Whether Bagby Can Sustain A Defamation Claim**

Finally, Experian argues that it is entitled to summary judgment on Bagby's defamation claim because Bagby cannot prove that Experian acted with "malice or willful intent to injure." 15 U.S.C. § 1681h(e). This Court has already determined that Experian did not violate the FCRA. Compliance with the FCRA precludes a finding of malicious intent. *See Moline v. Experian Info. Solutions, Inc.*, 289 F. Supp. 2d 956, 959 (N.D. Ill. 2003). Thus, Experian is entitled to summary judgment on Bagby's defamation claim.

### Conclusion

For the reasons stated above, the Court grants Experian's motion for summary judgment [Docket # 21]. The Clerk is directed to enter judgment in favor of Experian.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 7, 2004

8